## Howard J. Chesshire v. New England Telephone and Telegraph Company

[428 A.2d 1106]

No. 177-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and
Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 4, 1981

*Howard J. Chesshire,* pro se, Vershire, Petitioner.

*Thomas M. Dowling* of *Ryan Smith & Carbine, Ltd.,* Rutland, and *Christopher M. Bennett,* Burlington, for Respondent.

**Hill, J.** The appellant challenges a Public Service Board order upholding New England Telephone and Telegraph Company's interpretation of the tariff concerning telephone directory listings.

As an operator of a part-time crafts shop, the appellant periodically transacts business on his residential telephone service. He requested an additional white page directory listing for the telephone to display his business trade name, "Mandala." The telephone company informed the appellant that if he wished to include his trade name as an additional listing, he would have to reclassify his residential telephone service to business service and pay the business additional listing rate. The appellant claims residential rates should apply since the telephone still would be used primarily for nonbusiness calls.

From a challenge to the Public Service Board's decision upholding the telephone company's action, we find for the appellee, and affirm the Board's decision.

The appellant's telephone is primarily used for nonbusiness purposes, and his current status as a residential customer is not in dispute. At issue are the company's tariff provisions regarding whether a residential customer is entitled to an additional listing showing a business name.

The applicable tariffs are as follows:

P.S.B. — VT. — No. 20
Section 1, Page 1, Paragraph III H.

### III. LIMITATIONS AND USE OF SERVICE

H. The use of measured or unlimited business exchange service is restricted to the customer, his agents and employees when engaged in his business, to residential tenants of the customer in clubs, lodging houses, hotels and motels (tenants or guests), marinas (transient guests or tenants), fraternity houses, dormitories, nurses' homes, apartment houses, to patients of hospitals, to patrons of the customer in connection with automatic dialing telephone units arranged for the origination of telephone calls only to prerecorded telephone numbers, and to joint users as arranged for. The use of unlimited residence exchange service is restricted to the customer and members of his household.

Section 1, Page 3, Paragraph IV A.

## IV. CLASSIFICATION OF EXCHANGE SERVICE

A. Service is furnished at business rates if the use of the service is primarily or substantially for business purposes, or if the service is furnished at a business location.

Section 7, Page 1, Paragraph III A.

## III. ADDITIONAL LISTING SERVICE

A. Additional listings are confined to the names of those who are entitled to use the customer's service as defined in Part I.

██ A business trade name is not within the category of those "entitled to use" the customer's service. Only the residence's customers and members of his household may use the residential telephone service and additional listings on such service are likewise specifically limited.

██ It is not within our province to pass judgment on the tariffs or to remedy whatever anomaly may exist when a customer who primarily uses his telephone for nonbusiness purposes is forced to pay business rates if he wishes an additional listing of a business trade name. Rate schedules on file with the Public Service Board become lawful rates which remain in force until changed in the manner prescribed by statute. *Carpenter* v. *Home Telephone Co.*, 122 Vt. 50, 53, 163 A.2d 838, 841 (1960).

██ The appellant also claims the telephone company engages in an unfair trade practice by forcing businesses to buy yellow page listings if they desire white page space. We need not rule on our jurisdiction to hear the claim, nor on its factual veracity and merit, because the appellant is without standing to raise the issue. He has made no effort to buy a commercial listing, nor expressed an interest in doing so. The alleged merchandising scheme has therefore not affected the appellant. Action by us on the claim would be an advisory opinion. See *In re House Bill 88,* 115 Vt. 524, 64 A.2d 169 (1949). We will not grant advisory opinions. *Id.*

*Affirmed.*